IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| C&B, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CV-01-RRA-2419-S |
| vs. ) | |
| ) | |
| GRUBBS EMERGENCY SERVICE, ) | |
| INC., and GRUBBS CONSTRUCTION ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF OPINION**

SEP 17 2002

The complaint alleges the following. Defendant Grubbs Emergency subcontracted with Scott County, Arkansas to remove debris. In January of 2001, both defendants, Grubbs Emergency and Grubbs Construction, entered into a contract with the plaintiff whereby the plaintiff would perform some or all of the Scott County work for Grubbs Emergency. In February of 2001, Grubbs Emergency entered into a contract with the Arkansas State Highway Commission, and, again, the defendants sub-contracted with the plaintiff to perform some or all of that contract. Grubbs Emergency failed to pay the plaintiff for the Scott County, Arkansas project, and both defendants improperly terminated the plaintiff's work on the Arkansas Highway contract. The plaintiff also performed work for the defendants in Oklahoma and Georgia, for jobs totaling one-million dollars. The complaint further states that the plaintiff's principal place of business is in Jefferson County, Alabama, and that the defendants, although their principal places of business are

business by agent in Jefferson County, Alabama. The defendants have filed identical motions to dismiss. They assert improper service and lack of personal jurisdiction.

### Sufficiency of Service

The defendants assert that they were not properly served with the summons and complaint. They have submitted the affidavit of Kendra Settig, secretary for both defendants. Settig states simply that the defendants have not been personally served through a long-arm statute or otherwise.

The plaintiff, on the other hand, has addressed this question in some detail. The plaintiff relies on the affidavit of the plaintiff's Stewart G. Fuzzell, as well as a copy of a document from the Florida Department of State's Division of Corporations. Together, these documents show that the registered agent for Grubbs Emergency was Thomas S. Hogan, the registered agent for Grubbs Construction was John G. Grubbs, and both agents were served by certified mail at their addresses as listed with the Florida State Division of Corporations.

Federal law provides that a corporation may be served according to the state law in the federal district where the lawsuit is filed. Rule 4.2 of the Alabama Rules of Civil Procedure provides for service by certified mail on out-of-state defendants. The Clerk of this court sent a copy of the summons and complaint to both registered agents by certified mail.

Because  neither Grubbs Emergency nor Grubbs Construction disputes the evidence presented by the plaintiff, or sets out *specific* deficiencies of service, the motions to dismiss on the ground of improper service of process are due to be denied.

## **Personal Jurisdiction**

The defendants contend that this action should be dismissed for lack of personal jurisdiction. Sittig states that the defendants are not licensed to do business in the Northern District of Alabama, are not doing business in the Northern District of Alabama, have no office or employees in the Northern District of Alabama, and have not entered into any contract in the Northern District of Alabama.

Evidence

The parties have submitted evidentiary materials. The following facts concern the Arkansas jobs the plaintiff undertook for Grubbs Construction or Grubbs Emergency. Also stated are the defendants' other contacts with the state of Alabama.

*Actors*: Stewart Fuzzell was one of the plaintiff's "principals." Anthony Tanner worked for both defendants. Cecil Whitlock, who was "employed" by Grubbs Emergency from November of 2000 to August of 2001, estimated municipal jobs in Alabama. Bryan Thomason was an employee of Grubbs Construction and Director of Operations for Grubbs Emergency. Grubbs Emergency, an affiliate of Grubbs Construction, was created in June of 2000.

*DeKalb County, Alabama job*: Fuzzell states that in April of 2000 he was solicited by the defendants' Tanner to assist Grubbs Construction in bidding the DeKalb County, Alabama job. Apparently Grubbs' bid was accepted, as that same month Grubbs Construction entered into a contract with DeKalb County, Alabama to remove debris, for which Grubbs Construction was to

be paid $320,000.00. That project was to be completed within one-hundred eleven (111) days. The plaintiff acted as a subcontractor for Grubbs Construction on this project.

*Homewood, Mountain Brook, and Bessemer, Alabama jobs*: Tanner asked the plaintiff's Fuzzell to assist Whitlock in estimating jobs for the Alabama municipalities of Homewood, Mountain Brook, and Bessemer. Grubbs Emergency's bids were not accepted.

*Limestone County, Alabama job*: Grubbs Emergency unsuccessfully bid on a job in Limestone, Alabama.

*The two Arkansas jobs*

1. The Scott County job: In late December of 2000 or early January of 2001, Fuzzell was solicited by Tanner to assist Grubbs Emergency in bidding the Scott County job. Grubbs Emergency's bid was accepted. On February 19, 2001, in the state of Arkansas, Grubbs Emergency and the plaintiff signed a contract for the plaintiff to do part of the Scott County job.

2. Arkansas Highway job: Whitlock traveled from Scott County, Arkansas to Little Rock, Arkansas to deliver Grubbs Emergency's bid on the Arkansas Highway Department job. *Thomason's December 14, 2001 Affidavit*, ¶12. Grubbs' Emergency was awarded this contract. Grubbs Emergency signed its contract with the plaintiff, in the state of Arkansas, on February 19, 2001.

3. *Other facts*: As a result of their Arkansas contracts with Grubbs Emergency, the plaintiff established offices in the state of Arkansas. "While the majority of contacts between C&B and Grubbs Construction and/or Grubbs Emergency were done through an office maintained by C&B in Arkansas, there were a significant number of contacts through C&B's Alabama office, including

-4-

the mailing of pertinent information to C&B at its Alabama office." *Fuzzell's August 14, 2002 Affidavit*. Fuzzell later states, "With respect to [the Arkansas jobs], Grubbs was in daily contact with C&B, LLC and other residents of the state of Alabama. Additionally, Grubbs daily directed both written and oral communications to C&B, LLC at its Alabama office." *Fuzzell's Nov. 5, 2002 Affidavit*, ¶VII. The defendants' Thomason states that Grubbs Emergency maintained daily contacts with the plaintiff through the plaintiff's Arkansas offices. *Thomason's December 14, 2001 Affidavit*, ¶10. Grubbs Construction also contacted the plaintiff at its Arkansas offices.

Grubbs Emergency directed the plaintiff to cease work on both Arkansas jobs. At the time, the plaintiff had its own sub-contractors. According to the defendants' Thomason, the plaintiff asked Grubbs Emergency to keep the plaintiff's subcontractors. *Thomason's December 14, 2001 Affidavit*, ¶14. Fuzzell denies that the plaintiff asked Grubbs Emergency to keep the plaintiff's subcontractors on the Arkansas jobs, rather he told the plaintiff's subcontractors that he would not hold it against them if they continued to work on the projects for Emergency. *Fuzzell's August 14, 2002 Affidavit*.[1] Fuzzell states that it is his "understanding" that, before the plaintiff was dismissed from the Arkansas jobs, Grubbs Emergency had contacted the numerous subcontractors to ascertain whether they would stay on the job. *Fuzzell's August 14, 2002 Affidavit*. According to Thomason, Grubbs Emergency "did not initially contact or retain the subcontractors C&B hired for the Arkansas projects." *Thomason's December 14, 2001 Affidavit*, ¶13. Thomason states that Grubbs Emergency's agreements with the plaintiff's subcontractors who remained on the Arkansas State Highway

---

[1] For jurisdictional purposes, it does not matter which version is correct. What is relevant is location.

Commission job were signed in Arkansas. *Thomason's December 14, 2001 Affidavit*, ¶14. The plaintiff points out that many of the plaintiff's sub-contractors, including the largest, were Alabama-based businesses. The plaintiff's agreements with their own subcontractors were signed in Arkansas. Whitlock did not have an office in an office building in Alabama. He had an office in his Alabama home. According to Thomason, the majority of the communication between the plaintiff and both defendants was done through Grubb Construction's office in Brooksville, Florida, Grubbs Construction's office in Hot Springs, Arkansas, and the plaintiff's Arkansas offices. *Thomason's November 29, 2001 Affidavit*, ¶6.

Law

"A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Meier v. Sun International Hotels, LTD*, 288 F.3d 1264, 1269 (11th Cir. 2002). Alabama's long-arm statute is set out in Rule 4.2 (a)(2), and permits its courts to exercise jurisdiction over nonresidents to the fullest extend allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution." *Martin v. Robbins*, 628 So.2d 614, 617 (Ala. 1993). The Due Process Clause requires "certain minimum contacts with the forum states such that the traditional notions of fair play and substantial are not offended." *International Shoe Co. v. Washington*, 326 U.S., 310, 316 (1945). There are two bases for in personam jurisdiction: specific jurisdiction and general jurisdiction. General jurisdiction is harder to establish. The Eleventh Circuit set out the criteria for both:

> Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint. *Madara v. Hall*, 916 F.2d 1510, 1516 n. 7 (11th Cir.1990), citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8 & 9, 104 S.Ct. 1868, 1872 nn. 8 & 9, 80 L.Ed.2d 404 (1984). It has long been recognized that a court has the minimum contacts to support specific jurisdiction only where the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The requirement that there be minimum contacts is grounded in fairness. It assures that "the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen \*1292 Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).
> General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state. *Borg-Warner*, 786 F.2d at 1057, citing *Hall*, 466 U.S. at 412-13, 104 S.Ct. at 1872-73.

*Consolidated Development Corporation, v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000).[2]

Discussion

The facts in cases of this type vary greatly, and, therefore, the question of whether specific or general jurisdiction exists must be determined on a case-by-case basis. Because of the things Grubbs Construction and Grubbs Emergency have in common, as pointed out by the plaintiff, the court, for purposes of jurisdiction, will consider the defendants as one entity.[3]

---

[2] One of the cases relied on by the plaintiff is *In Ex parte Phase III Construction, Inc.*, 723 So.2d 1263 (Ala. 1998). Five justices of the Alabama Supreme Court held that the facts established general jurisdiction, while three justices, concurring in the result, stated that specific in personam jurisdiction only was established. The undersigned agrees with the concurring opinion.

[3] A plaintiff must allege facts sufficient to support long-arm jurisdiction. If he does, the burden shifts to the defendant to make a prima facie evidentiary showing of the inapplicability of a long-arm statute. If the defendant sustains this burden, the plaintiff must then come forward and substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint. If the court does not hold an evidentiary hearing, factual disputes are to be resolved in favor of the plaintiff. *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247,

(continued...)

*Specific Jurisdiction*: The contracts between the plaintiff and Grubbs were signed in Arkansas. The plaintiff's contracts with their own sub-contractors were signed in Arkansas. The Arkansas jobs were, of course, performed in the state of Arkansas. The plaintiff's own evidence states that the majority of communication between the plaintiff and the defendants took place in Arkansas. Grubbs contracts with the plaintiff's former subcontractors were signed in Arkansas. The causes of action occurred in the state of Arkansas. It is concluded that Grubbs did not have sufficient contacts in the state of Alabama regarding the Arkansas jobs to support specific jurisdiction.

*General Jurisdiction*: The next question is whether Grubbs had continuous and systematic contact with the state of Alabama so as to satisfy the more stringent due process requirements of general jurisdiction. In April, 2000, with some bidding assistance from the plaintiff, Grubbs got and performed a debris removal job in DeKalb County, Alabama, for a gross charge of $320,000, and which was to take no longer than one-hundred eleven (111) days.[4] Whitlock, whose exact relationship with the defendants is not clear --- it appears that he estimated jobs for Grubbs --- operated out of his home in Alabama for approximately nine months during the time period in question: years 2000 and 2001. (Whitlock spent time in Arkansas working on the Arkansas projects.)

---

[3](...continued)
allegations in the complaint. If the court does not hold an evidentiary hearing, factual disputes are to be resolved in favor of the plaintiff. *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1249 (11th Circ. 2000).

[4] *Federal Insurance Company v. Lake Shore, Inc.*, 886 F.2d 654, 659 (4th Cir. 1998) provides an example of what does not constitute "significant activities." This court pointed out the limited duration of the defendant's activities in the forum state.

question: years 2000 and 2001. (Whitlock spent time in Arkansas working on the Arkansas projects.)

As to the three Alabama municipal jobs, Grubbs merely submitted bids which were not accepted. In the court's judgment, there is not the continuous and systematic contact with the state of Alabama sufficient to subject Grubbs to general jurisdiction in the state of Alabama.

## Conclusion

The defendants could have waived their objections to personal jurisdiction, but chose not to.[5] Wherefore, the defendant's motions to dismiss for lack of proper service are due to be denied. The defendants' motions to dismiss because neither specific nor general personal jurisdiction has been established are due to be granted. An appropriate order will be entered.

DONE this 17th day of September, 2002.

Robert R. Armstrong, Jr.
United States Magistrate Judge

---

[5] None of the parties has requested, as an alternative to dismissal, that this action be transferred to an appropriate federal district, and, therefore, that possibility will not be considered.